**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Shamar Tyrell Garcia; Giann Icob Salazar Del Real; Devonte Devon Jackson; and Jorge Enriquez, Jr.,<br><br>　　　　Defendants. | No. 2:25-cr-00230-RFB-BNW<br>No. 2:25-cr-00227-JAD-BNW<br>No. 2:25-cr-00240-GMN-BNW<br>No. 3:25-cr-00026-MMD-CLB<br><br>**ORDER** |

　　　　The undersigned judge previously ruled that Acting U.S. Attorney Sigal Chattah was not legally appointed, and disqualified her from supervising these four cases. *United States v. Garcia*, 2025 WL 2784640 (D. Nev. Sept. 30, 2025), *appeal filed*, No. 25-6229 (9th Cir. Oct. 2, 2025). The government now asks the Court to stay its disqualification order until the Ninth Circuit resolves the existing appeal.[1]

　　　　Courts consider four factors when deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)

---

[1] *See Garcia*, Doc. 43; *Salazar Del Real*, Doc. 45; *Jackson*, Doc. 45; *Enriquez*, Doc. 47.

1

(citation omitted).  The first two factors are the most important, and "fall on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (citation modified).  To justify a stay, a moving party must at least show that "serious legal questions are raised" by the appeal.  *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (citation omitted).  The Court will address the four stay factors.

### 1.     Serious Questions.

The Court stands by its previous ruling.  For reasons already explained at length, the Court concludes that Ms. Chattah's appointment is not valid under the Federal Vacancies Reform Act (FVRA).  *Garcia*, 2025 WL 2784640, at *4-11.  The Court also concludes that the government's alternative argument – that the Attorney General can confer on Ms. Chattah all the powers of a U.S. Attorney by using general delegation statutes – is directly barred by § 3447(a) and (b) of the FVRA.  *Id.* at *11-14.  The government has not shown it is likely to prevail on its challenge to these conclusions.

The Court also recognizes, however, that the disqualification motions raise novel and important issues.  Only one other court has addressed these issues.  *See United States v. Giraud*, --- F.Supp.3d ----, 2025 WL 2416737 (D.N.J. Aug. 21, 2025).  They present important questions of when and how the President or Attorney General can fill a vacancy in a U.S. Attorney position on an acting basis.  These issues are sufficiently serious to satisfy the first stay requirement.

### 2.     Irreparable Harm.

The harm at issue in this case is not like the harm encountered in typical civil litigation.  The potential harm arises from the Constitution's division of federal powers and the deference and respect each of the three federal branches should afford each other.  The concern, as the Ninth Circuit has noted, is "harm to the separation of powers."  *United States v. Williams*, 68 F.4th 564, 570 (9th Cir. 2023).  Such harm is particularly relevant in this case because "[t]he doctrine of separation of powers requires judicial respect for the independence of the prosecutor."  *United States v. Simpson*, 927 F.2d 1088, 1091 (9th Cir.

1991). The separation of powers calls for courts to show "special solicitude" for Executive Branch prerogatives. *Nixon v. Fitzgerald*, 457 U.S. 731, 743 (1982).

The Court's earlier decision disqualifies an Acting U.S. Attorney, appointed by the Attorney General, from supervising prosecutions initiated by the Executive Branch. While the Court is fully persuaded that its decision is correct as a matter of law, the decision nonetheless intrudes on Executive Branch prerogatives. If the Court's decision is not correct, such an intrusion is improper. Given the solemn respect our separate branches of government should have for each other, the mere possibility of an improper intrusion is sufficient in the Court's view to satisfy the irreparable harm prong of the stay inquiry. And a separation-of-powers harm is great enough to offset the lower showing made by the government on the first prong – serious questions rather than a likelihood of success on the merits.

### 3. Injury to Defendants.

Defendants express concern that staying the Court's earlier decision and allowing Ms. Chattah to supervise their prosecutions will injure them. The Court is not persuaded. Defendants' cases presumably will continue to be managed primarily by the assigned line prosecutors, and the stay imposed in this order likely will be short-lived given the Ninth Circuit's expedited schedule for deciding the appeal.

### 4. Public Interest.

The public certainly has an interest in a government that turns square corners and complies with the statutory commands of the FVRA, but it also has an interest in avoiding unnecessary confrontations between the executive and judicial branches of government. Given these contrasting and serious interests, this fourth factor does not persuade the Court to deny the stay request.

### 5. Conclusion.

The Court still holds that Ms. Chattah has not been validly appointed. But the Court also recognizes the deference and respect it should have for the Executive Branch, just as the Executive Branch should have deference and respect for the Judiciary. To promote that

spirit of solicitude, and in light of the relatively fast schedule set by the Ninth Circuit for resolving these matters, the Court will grant the government's motion to stay. *See Giraud*, 2025 WL 2416737, at *30 (staying similar decision).

**IT IS ORDERED** that the motion to stay is granted. The Court's earlier decision, *United States v. Garcia*, 2025 WL 2784640 (D. Nev. Sept. 30, 2025), is stayed until completion of the Ninth Circuit's review.

Dated this 23rd day of October, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge